IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **EDWARD M. SEAMANS**<br><br>    Plaintiff,<br><br>v.<br><br>**TEMPLE UNIVERSITY**<br><br>    Defendant. | )<br>)<br>)   **Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer, Edward M. Seamans, against Temple University ("Defendant"), for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*.

## THE PARTIES

2. Plaintiff Edward M. Seamans is an adult individual residing at 1226 South American Street, Philadelphia, Pennsylvania 19147.

3. Defendant, Temple University (hereafter "Temple") is an entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1801 N. Broad Street, Philadelphia, Pennsylvania 19122.

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## **FACTUAL ALLEGATIONS**

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third partie (hereafter the "inaccurate information").

7. The inaccurate information includes, but is not limited to, an account with Temple which is otherwise obsolete for purposes of credit reporting.

8. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

9. Credit reporting agencies have been reporting the inaccurate information provided by Defendant through the issuance of false and inaccurate credit information and consumer credit reports and they have disseminated to various persons and credit grantors, both known and unknown.

10. Plaintiff has repeatedly disputed the inaccurate information concerning the accounts with the credit reporting agencies and with Temple since May 2011.

11. Notwithstanding Plaintiff's efforts, Temple has failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, have willfully continued to report such inaccurate information to various credit reporting agencies, have failed to mark the above account as disputed and have continued to collect monies from the Plaintiff regarding the inaccurate information by the aforementioned conduct.

12. Despite Plaintiff's exhaustive efforts to date, Temple has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations to all credit reporting agencies, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

13. Plaintiff's credit reports and file has been obtained from credit reporting agencies and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit opportunities, known and unknown.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

15. At all times pertinent hereto, Temple were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Temple herein.

16. At all times pertinent hereto, the conduct of Temple, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto Temple was a "person" as that term defined by 15 U.S.C. § 1681a(b).

19. Temple violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

20. Temple's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Temple is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

21. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

                                      Respectfully Submitted,

                                      **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark Mailman*
       MARK MAILMAN, ESQUIRE
       GREGORY GORSKI, ESQUIRE
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600

Dated: October 28, 2011                 Attorneys for Plaintiff